UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOUGLAS LONGHINI, individually,

    Plaintiff,

Case No.: _____

v.

EQUITY ONE, INC., a foreign corporation; and,
DIM VASTGOED N.V., a foreign corporation,

    Defendants.
_____/

## COMPLAINT
(*injunctive relief demanded*)

    Plaintiff, DOUGLAS LONGHINI, individually (sometimes referred to as **"Plaintiff"**), on his own behalf and on behalf of all other mobility impaired individuals similarly situated, hereby sues Defendants, EQUITY ONE, INC., a foreign corporation; and, DIM VASTGOED N.V., a foreign corporation (sometimes referred to as **"Defendants"**), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (**"ADA"**), and states:

    1.    Plaintiff, DOUGLAS LONGHINI, is an individual residing in Miami, Florida, in Miami-Dade County.

    2.    Defendants own and operate the shopping center known as THE HAMMOCKS TOWN CENTER, located generally at 10201 HAMMOCKS BLVD., MIAMI, FL 33196, in Miami-Dade County (**"Property"**).

    3.    Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the Property *situs*. Defendants' Property is located in and Defendants do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181 *et seq. See also* 28 U.S.C. § 2201 and § 2202.

5. Plaintiff, DOUGLAS LONGHINI, is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Mr. Longhini has cerebral palsy and uses a wheelchair to ambulate. Mr. Longhini has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. Mr. Longhini has personally visited the Property, which forms the basis of this lawsuit, and plans to return to the Property to avail himself of the goods and services offered to the public at the Property, if the Property is made accessible. Mr. Longhini lives in Miami, and he regularly visits shopping and dining establishments throughout Miami-Dade County. Plaintiff has encountered architectural barriers at the Property. The barriers to access at the Property have endangered his safety. In addition, under Title III of the ADA, Plaintiff has standing as a tester of ADA compliance.

6. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is generally known as THE HAMMOCKS TOWN CENTER.

7. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' noncompliance with the ADA with respect to Property, as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants. Plaintiff desires to visit the Property, not only to avail himself of the shopping and

dining options available at the Property, but to assure himself that the Property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. Defendants have discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property and building, as prohibited by 42 U.S.C. § 12182 *et seq.*

9. Defendants have discriminated, and are continuing to discriminate, against Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if the respective Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Property has shown that violations exist. These violations that Mr. Longhini has personally encountered include, but are not limited to:

### Parking

a) The plaintiff had difficulty exiting the vehicle as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

b) The plaintiff had difficulty accessing the facility as the designated accessible parking area is located too far from the facility entrance. Violation: Some of the accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG, whose resolution is readily achievable.

c) The plaintiff had difficulty exiting the vehicle as the required access aisle is not provided. Violation: There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG, whose resolution is readily achievable.

### Entrance Access and Path of Travel

d) The plaintiff could not traverse through areas of the facility as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential

        elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG, whose resolution is readily achievable.

e) The plaintiff could not enter some of the entrances without assistance as the required level landing is not provided. Violation: A level landing is not provided at some of the accessible entrances violating Section 4.13.6 of the ADAAG, whose resolution is readily available.

f) The plaintiff had difficulty using some of the curb ramps as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG, whose resolution is readily achievable.

g) The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG, whose resolution is readily achievable.

h) The plaintiff had difficulty traversing the path of travel as there are non-compliant slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG, whose resolution is readily achievable.

i) The plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. Violation: There are no accessible routes from the street, sidewalk and parking areas. These are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG, whose resolution is readily achievable.

**Access to Goods and Services**

j) The plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG, whose resolution is readily achievable.

**Public Restrooms**

k) The plaintiff could not use the paper towel dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG, whose resolution is readily achievable.

l) The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG, whose resolution is readily achievable.

m) The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in

    violation of Sections 4.19 and 36.211 of the ADAAG, whose resolution is readily achievable.

n) The plaintiff could not close the stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide hardware that complies with the ADAAG, whose resolution is readily achievable.

o) The plaintiff had difficulty using the grab bars as the required grab bars were not provided. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG, whose resolution is readily achievable.

p) The plaintiff could not use the toilet stall without assistance as the required turning space is not provided: Violation: The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG, whose resolution is readily achievable.

q) The plaintiff could not exit the restroom stall without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

10. The discriminatory violations described in paragraph 9 are not an exclusive list of Defendants' ADA violations. Plaintiff requires the inspection of Defendants' Property to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of Defendants' Property, and have otherwise been discriminated against and damaged by Defendants because of Defendants' ADA violations, as set forth above. Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Plaintiff requires an inspection of Defendants' Property to remedy this discriminatory situation and to determine all areas of non-compliance with the ADA.

11. Defendants have discriminated against Plaintiff, and all others similarly situated, by denying them access to full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations of its Property in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.* Furthermore, Defendants continue to discriminate against Plaintiff, and all others similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorney's fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Defendants are required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its Property, that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' Property since January 26, 1992, then Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the Property are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and, finally, if Defendants' Property is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendants' Property must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendants is not required as a result of Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if the respective Defendant has 10 or fewer

employees and gross receipts of $500,000 or less). Plaintiff has satisfied all other conditions precedent to the filing of this action, or such conditions precedent have been waived by Defendants.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require Defendants to alter Property to make the Property readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA; or, by closing the Property until such time as Defendants cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment determining that Defendants at the commencement of the subject lawsuit is in violation of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*

b. Injunctive relief against Defendants including an order to make all readily achievable alterations to the Property; or, to make such Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and, to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as this Court deems just, proper, or otherwise allowable under Title III of the ADA, in favor of Plaintiff.

**DATED** this <u>22nd</u> day of <u>September</u>, 2015.

           Respectfully submitted,

           **ESPINOSA LAW GROUP**
           10625 N. Kendall Dr.
           Miami, FL 33176-1510
           Tel.: 352-219-1974
           E-mail: tallison@espinosalawgroup.com
           E-mail: despinosa@espinosalawgroup.com

           By: */s/ Thomas Charles Allison*
                Thomas Charles Allison, Esq.
                Florida Bar No. 35242
                Daniel Alberto Espinosa, Esq.
                Florida Bar No. 81686

           *Counsel For The Disabled*